NANCY LYNN TRAVERS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Travers v. Commissioner
Docket No. 10505-81.
United States Tax Court
T.C. Memo 1982-88; 1982 Tax Ct. Memo LEXIS 655; 43 T.C.M. (CCH) 603; T.C.M. (RIA) 82088; February 22, 1982. Nancy Lynn Travers, pro se. Karen Nicholson Sommers and Thomas H. Meyerer, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling *656 on respondent's motion for summary judgment filed herein. After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is presently before the Court on respondent's motion for summary judgment filed on December 30, 1981, pursuant to Rule 121, Tax Court *657 Rules of Practice and Procedure.[2]
Respondent, in his joint notice of deficiency issued to petitioner and Paul Travers on February 18, 1981, determined a deficiency in their Federal income tax (self-employment tax) for the taxable calendar year 1978 in the amount of $ 484.54. [3]
The issue here is one of law, i.e., whether petitioner is liable for the self-employment tax with respect to self-employment income of her then husband for 1978. Petitioner resided at 6430 Oakridge Road, San Diego, California, on the date she filed her petition. During the year 1978 she was married to Paul with whom she timely filed a joint 1978 Federal income tax return with the Internal Revenue Service Center at Fresno, California. On that return petitioner and Paul reported income from wages she received from the Donald N. Sharp Memorial Community Hospital in the amount of $ 3,694. During 1978 Paul was a real estate broker trading under the name of Paul Travers and Associates. Attached *658 to the 1978 return is a Schedule C, "Profit or (Loss) From Business or Profession", which reports that Paul received a net profit from his business of $ 5,982, which said amount was carried over to line 13 of page 1 of the joint return, whereat business income is reported. No liability for self-employment tax was reported on the 1978 return. Respondent determined that petitioner and Paul were liable for a self-employment tax of $ 484.54 on said $ 5,982, computed at a rate of.081.[4]
The petition herein was filed on May 18, 1981, and respondent filed his answer on July 7, 1981. Thus, the pleadings are closed. Rules 34, 36, 38, and 121. As we view this record, petitioner concedes that income from the self-employment of Paul was reported on the 1978 joint return and that self-employment tax is due thereon. However, she argues that she should not be liable for the self-employment tax on that income since such tax "is ex-spouse's assessed contribution to the Social Security system on his own behalf." She further contends she is not liable for such tax on the ground that she exercised no management or control over Paul's real estate *659 brokerage business; the gross income and deductions upon which the self-employment tax deficiency were assessed were earned and deducted solely by Paul. Unfortunately for petitioner, her reliance on the foregoing arguments is misplaced. It is undisputed that petitioner and Paul received self-employment income in 1978 in excess of $ 400. Indeed, they reported that income on their joint return. Such income is subject to self-employment tax. Section 1401 [5] imposes a tax on self-employment income. Section 1402(b) provides that the term "self-employment income" means the net earnings from self-employment income derived by an individual in excess of $ 400 a year. Section 6013, which permits joint returns of income tax by husband and wife, provides in pertinent part: (a) Joint Returns.--A husband and wife may make a single return jointly *660 of income taxes under subtitle A, * * * (d) Special Rules.--For purposes of this section-- (3) if a joint return is made, the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several. The self-employment tax is imposed by section 1401(a) in chapter 2 of subtitle A and is thus within the express language of section 6013. [6]
Here, petitioner and Paul filed a joint 1978 Federal income tax return whereon they reported self-employment income but no self-employment tax due thereon. Respondent has correctly determined the precise amount to that tax. Under the clear statutory mandates, self-employment tax owed by either spouse, together with the income tax on the aggregate income of both spouses, is to be reported on a joint return filed by the spouses. Liability for all taxes reportable on a joint return is joint and several as to each spouse. [7]
*661 The record is clear that there is no genuine issue as to any material fact. In such circumstance, Rule 121(b) permits this Court to render decision as a matter of law. Since respondent has demonstrated that he is entitled to prevail as a matter of law, his motion for summary judgment, filed on December 30, 1981, will be granted. An appropriate order and decision will be entered.
Footnotes
1. Since this is a pretrial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule. The parties were afforded a full opportunity to present their views on the law at the hearing at Washington, D.C., on February 10, 1982. Petitioner did not appear nor did she file any response to respondent's motion herein under consideration, albeit a copy thereof together with a copy of respondent's Memorandum of Points and Authorities in support thereof and the Court's notice setting respondent's motion for hearing were served on petitioner by the Court on January 7, 1982.
2. All rule references are to the Tax Court Rules of Practice and Procedure.↩
3. Petitioner and Paul Travers (hereinafter referred to as Paul) are new divorced and the latter is not a party to this case.↩
4. See section 1.1401-1, Income Tax Regs.↩
5. All section references are to the Internal Revenue Code of 1954, as amended and in effect in 1978. There is nothing in this record establishing that Paul is exempt from self-employment tax. See Travers v. Commissioner,T.C. Memo. 1981-469↩, where we denied Paul's claim for exemption from self-employment tax for 1977.
6. The only exception to joint and several liability is found in section 6013(e), which is inapplicable here since no↩ omission of gross income has been determined by respondent.
7. See Buckles v. Commissioner,T.C. Memo. 1968-105↩, where we held a wife who filed a joint return with her husband was jointly and severally liable for self-employment tax.